IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01381-PAB-MEH

ZIEGLER HOLDINGS, LLC, an Ohio limited liability company,

    Plaintiff,

v.

ERIN HOOPER, f/k/a ERIN HOOPER-HAAS, an individual,

    Defendant.

## RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to an Order to Show Cause and Plaintiff's failure to appear for a Scheduling Conference. For the reasons stated below, the Court **RECOMMENDS** this action be **dismissed without prejudice** for Plaintiff's failure to prosecute.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**I.     Background**

Former counsel for Plaintiff filed a motion to withdraw as counsel of record on October 12, 2010. (Docket #20.) In this motion, Plaintiff's former counsel attested that "Counsel has lost contact with Plaintiff. Plaintiff does not acknowledge or answer to communications from Counsel . . . counsel cannot . . . undertake any actions due to the client's lack of authorization and cooperation." (*Id*. at 1-2.) Plaintiff's former counsel also stated that "Plaintiff has not abided by the terms of their engagement agreement with [counsel]." (*Id*. at 2.)

The Court granted this motion and contemporaneously entered an Order to Show Cause. (*See* dockets ##25, 26.) In the minute order granting the motion to withdraw, the Court requested former counsel for Plaintiff to use his best efforts to send the minute order and the Order to Show Cause to Plaintiff at Plaintiff's last known contact information. (Docket #26.) The Court reminded Plaintiff in the minute order and the Order to Show Cause that Plaintiff must appear in federal court through an attorney, and not through a non-attorney corporate officer appearing *pro se*.[2] (*Id*.)

In the Order to Show Cause, the Court instructed Plaintiff to respond on or before November 1, 2010, as to why this matter should not be dismissed without prejudice for failure to prosecute, in light of former counsel for Plaintiff's representations that Plaintiff is no longer participating in the lawsuit. To date, Plaintiff has not responded to the Court's Order to Show Cause, nor has Plaintiff requested an extension of time in which to do so.

The Court had set a Scheduling Conference for November 4, 2010. (Docket #24.) Plaintiff did not appear at this conference, nor did Plaintiff call Chambers or file a motion to indicate any

---

[2]It is a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted). A corporation cannot appear through a non-attorney corporate officer appearing *pro se*. *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001).

excuse or reason for its non-appearance. The Court inquired to Defendant as to whether counsel had heard anything from Plaintiff, to which counsel for Defendant responded, "we have heard nothing."

## II.     Discussion

Plaintiff was ordered to respond to an Order to Show Cause and to appear at a Scheduling Conference, but failed to do so. Additionally, Plaintiff has made no request for an extension of time in which to file a response, nor has Plaintiff offered an excuse for its non-appearance in court. In light of former counsel for Plaintiff's representations, the Court believes Plaintiff's conduct demonstrates that this matter should be dismissed without prejudice.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id. See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to respond to Defendant's pending Motion to Dismiss[3] and failure to participate in a Scheduling Conference adversely affects Defendant's proceeding in this matter by impeding the Court's ability to set a schedule and to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims. In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's persistent failure to participate in this lawsuit through compliance with the Court's directives compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the Order to Show Cause, permitted Plaintiff an extension of time in which to respond to Defendant's Motion to Dismiss, and instructed Plaintiff to appear for a Scheduling Conference. The record of Plaintiff's failure to comply with the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the warnings in the Court's October 14, 2010 Order to Show Cause gave Plaintiff notice that claims could be dismissed as a result of its failure to prosecute this action, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first,

---

[3] Defendant filed the Motion to Dismiss on September 20, 2010. (Docket #17.) On October 13, 2010, the District Court granted a request through Plaintiff's former counsel for an extension of time in which to respond to the Motion to Dismiss, extended to November 1, 2010. (Docket #23.) To date, Plaintiff has not responded nor has it requested a second extension of time.

resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by its failure to comply with the October 13, 2010 minute order allowing Plaintiff additional time to respond to Defendant's Motion to Dismiss, by its failure to appear for the Scheduling Conference set for November 4, 2010, and by its failure to respond to this Court's Order to Show Cause on November 1, 2010 (or to properly request an extension of time to respond). For these reasons, dismissal without prejudice of this action is warranted.

### III.   Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiff's failure to prosecute.

Dated at Denver, Colorado, this 5th day of November, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge